1

2

3

4

5

6

7

8              UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   IMMANUEL PRICE,                          No.  2:17-cv-2020 AC

12              Plaintiff,

13        v.                                  ORDER

14   EBLER, et al,

15              Defendants.

16

17        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and

18   has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

19   I.     Application to Proceed In Forma Pauperis

20        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C.

21   § 1915(a).  ECF No. 2.  Accordingly, the request to proceed in forma pauperis will be granted.

22        Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C.

23   §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in

24   accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct

25   the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and

26   forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments

27   of twenty percent of the preceding month's income credited to plaintiff's prison trust account.

28   These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

1   the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C.

2   § 1915(b)(2).

3   II.     <u>Statutory Screening of Prisoner Complaints</u>

4         The court is required to screen complaints brought by prisoners seeking relief against a

5   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

6   court must dismiss a complaint or portion thereof if the prisoner has raised claims that are

7   "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[]

8   monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).

9         A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact."

10   <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th

11   Cir. 1984).  "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal

12   theories' or whose 'factual contentions are clearly baseless.'"  <u>Jackson v. Arizona</u>, 885 F.2d 639,

13   640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as</u>

14   <u>stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000).  The critical inquiry is whether a

15   constitutional claim, however inartfully pleaded, has an arguable legal and factual basis.

16   <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

17         "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the

18   claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of

19   what the . . . claim is and the grounds upon which it rests.'"  <u>Bell Atl. Corp. v. Twombly</u>, 550

20   U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)).

21   "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context

22   of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  <u>Wilhelm v. Rotman</u>,

23   680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted).  In order to survive dismissal for failure

24   to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a

25   cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the

26   speculative level."  <u>Twombly</u>, 550 U.S. at 555 (citations omitted).  "'[T]he pleading must contain

27   something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally

28   cognizable right of action.'"  <u>Id.</u> (alteration in original) (quoting 5 Charles Alan Wright & Arthur

1    R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

2           "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to

3    relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

4    Twombly, 550 U.S. at 570).  "A claim has facial plausibility when the plaintiff pleads factual

5    content that allows the court to draw the reasonable inference that the defendant is liable for the

6    misconduct alleged."  Id. (citing Twombly, 550 U.S. at 556).  In reviewing a complaint under this

7    standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg.

8    Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the

9    pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor,

10   Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

11   III.   Complaint

12          Plaintiff contends that four CDCR employees are responsible for failing to protect

13   plaintiff from an assault by his former cellmate at Mule Creek State Prison (MCSP).  Plaintiff

14   names Lt. Ebler of MCSP and three Doe defendants: the designated custody supervisor at MCSP,

15   and a nurse and psychiatrist at CSP-Corcoran.  The complaint alleges as follows.

16          On November 11, 2016, inmate Sessions was transferred to MCSP from Corcoran.  On

17   arrival, Sessions was assigned as plaintiff's cellmate although plaintiff was a general population

18   inmate and Sessions was a participant in CDCR's Enhanced Outpatient Program for inmates with

19   serious mental illness.  Pursuant to CDCR policy, EOP inmates are not supposed to be housed in

20   general population.  Within hours, Sessions assaulted plaintiff and threatened him with sexual

21   assault.  Sessions told plaintiff that he was not taking his medications and that he had a violent

22   past.  The nurse and psychiatrist Does had been part of Sessions' EOP treatment team at Corcoran

23   and therefore must have been aware of his medication non-compliance; they could have taken

24   preventative action including seeking involuntary medication.

25   IV.    Failure to State a Claim

26          Prison officials have an obligation to protect prisoners from injury by other prisoners.

27   Farmer v. Brennan, 511 U.S. 825, 833-34 (1994).  The Eighth Amendment is only violated,

28   however, when a defendant acts with a sufficiently culpable state of mind.  See Wilson v. Seiter,

501 U.S. 294, 297 (1991).  Accordingly, to state a claim for failure to protect in violation of the Eighth Amendment, a plaintiff must plead facts demonstrating that the defendants knew of and disregarded an excessive risk to inmate health or safety.  Farmer, 511 U.S. at 837.  "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id.  This is the standard for deliberate indifference.

The allegations of the complaint do not satisfy this standard.  First, it is unclear who made the decision to house Sessions in general population.  The complaint implies that that Lt. Ebler and the Doe custody supervisor were responsible generally for Sessions' placement, but there are no allegations specifying the actions of either putative defendant.  To state any claim against any defendant, plaintiff must explain what that person did to violate his rights.  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  There can be no liability under § 1983 without personal involvement.  Id.  Moreover, whoever made the decision cannot be liable under § 1983 for violating CDCR policy; liability is limited to those who violate federal rights.  See Blessing v. Freestone, 520 U.S. 329, 340 (1997).  Plaintiff cannot state a claim against either Ebler or the designated custody supervisor without facts demonstrating that he or she was subjectively aware that Sessions posed an excessive risk of violence to plaintiff, and made the placement anyway.  See Farmer, 511 U.S. at 837.  The fact that Sessions was classified as EOP is not enough to demonstrate that he posed an excessive risk of harm to plaintiff.  It is not enough that MCSP officials should have known that Sessions was dangerous.  See Farmer, 511 U.S. at 842.  Failure to take reasonably necessary precautions, without facts reflecting actual knowledge of a threat to plaintiff, does not rise to the level of an Eighth Amendment violation.

The same principles apply with even greater force to the Corcoran mental health professionals.  The court cannot imagine any set of facts on which the Doe nurse and Doe psychiatrist could have known of a threat to plaintiff, because they treated Sessions before he was transferred to MCSP and they were not involved in the housing decision.  The conduct of theirs that plaintiff identifies is the failure to ensure Sessions' medication compliance.  Even if the nurse and psychiatrist had provided inadequate care to Sessions, that would not make them liable to

1    plaintiff for several reasons.  First, negligence and medical malpractice do not rise to the level of

2    an Eighth Amendment violation.  Estelle v. Gamble, 429 U.S. 97, 105-106 (1976).  Second, the

3    harm to plaintiff was not a reasonably foreseeable consequence of their actions.  See Martinez v.

4    California, 444 U.S. 277 (1980) (parole board members not liable under § 1983 for releasing

5    dangerous inmate who then committed a murder).  Third, their actions cannot be construed as the

6    cause of the assault.  Id.  The only people who can be liable are those who themselves knowingly

7    subjected plaintiff to an excessive risk of harm.[1]

8        For these reasons, the complaint fails to state a claim upon which relief may be granted.  It

9    is therefore not suitable for service.  Rather than recommend dismissal, the undersigned will give

10   plaintiff the opportunity to amend.

11   V.    Leave to Amend

12        If plaintiff chooses to file a first amended complaint, he must demonstrate how the

13   conditions about which he complains resulted in a deprivation of his constitutional rights.  Rizzo

14   v. Goode, 423 U.S. 362, 370-71 (1976).  Also, the complaint must allege in specific terms how

15   each named defendant is involved.  Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th

16   Cir. 1981).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link

17   or connection between a defendant's actions and the claimed deprivation.  Id.; Johnson v. Duffy,

18   588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, "[v]ague and conclusory allegations of official

19   participation in civil rights violations are not sufficient."  Ivey v. Bd. of Regents, 673 F.2d 266,

20   268 (9th Cir. 1982) (citations omitted).

21        Plaintiff is also informed that the court cannot refer to a prior pleading in order to make

22   his first amended complaint complete.  Local Rule 220 requires that an amended complaint be

23   complete in itself without reference to any prior pleading.  This is because, as a general rule, an

24   amended complaint supersedes the original complaint.  Loux v. Rhay, 375 F.2d 55, 57 (9th Cir.

25   1967) (citations omitted), overruled in part by Lacey v. Maricopa County, 693 F.3d 896, 928 (9th

26   _____

27   [1]  The complaint also makes a passing reference to equal protection, ECF No. 1 at 3.  The right to
     protection that plaintiff asserts is an Eighth Amendment right to safety.  The equal protection
28   clause applies only to discrimination based on membership in a protected class.  See Serrano v.
     Francis, 345 F.3d 1071, 1082 (9th Cir. 2003).

1   Cir. 2012) (claims dismissed with prejudice and without leave to amend do not have to be re-pled

2   in subsequent amended complaint to preserve appeal).  Once plaintiff files a first amended

3   complaint, the original complaint no longer serves any function in the case.  Therefore, in an

4   amended complaint, as in an original complaint, each claim and the involvement of each

5   defendant must be sufficiently alleged.

6   VI.      Plain Language Summary of this Order for a Pro Se Litigant

7           Your request to proceed in forma pauperis is granted and you are not required to pay the

8   entire filing fee immediately.

9           The complaint has been screened and found not to state a claim.  If you want to proceed,

10  you must file an amended complaint that includes additional facts.  You must tell the court who

11  made the decision to house Sessions with you, and facts showing that each responsible person

12  knew that Sessions was dangerous and posed an excessive risk to you when they made that

13  decision.  It is not enough to say that Sessions was in EOP, or that MCSP staff violated CDCR

14  policy by putting him in general population.  Failure to be careful enough is called negligence,

15  and that does not violate the Eighth Amendment.  To state a claim for deliberate indifference in

16  violation of the Eighth Amendment, you must present facts showing that each defendant was

17  aware that Sessions posed an excessive risk to your safety when they put you together.

18          If you choose to amend your complaint, the first amended complaint must include all of

19  the claims you want to make because the court will not look at the claims or information in the

20  original complaint.  **Any claims not in the first amended complaint will not be considered.**

21          In accordance with the above, IT IS HEREBY ORDERED that:

22          1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

23          2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  Plaintiff

24  is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

25  § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the

26  Director of the California Department of Corrections and Rehabilitation filed concurrently

27  herewith.

28          3.  Plaintiff's complaint is dismissed with leave to amend.

1     4.  Within thirty days from the date of service of this order, plaintiff may file an amended

2 complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil

3 Procedure, and the Local Rules of Practice.  The amended complaint must bear the docket

4 number assigned this case and must be labeled "First Amended Complaint."  Plaintiff must file an

5 original and two copies of the amended complaint.  Failure to file an amended complaint in

6 accordance with this order will result in dismissal of this action.

7     5.  The Clerk of the Court is directed to send plaintiff a copy of the prisoner complaint

8 form used in this district.

9 DATED: April 21, 2020

10

11 ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28